IN THE UNITED STATES DISTICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

EASTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| Vs. | CRIMINAL NO. 2:10-cr-6-KS-MTP |
| CLAUDE CHRISTOPHER JOHNSON | DEFENDANT |

## AMENDED ORDER

THIS CAUSE IS BEFORE THE COURT on "Motion to Request Jail Credit and/or to Amend Judgment of Commitment" [26] filed by Claude Johnson herein. In his Motion he requests that he be given credit for jail time served from the date of his sentence, July 15, 2010, through the date which he apparently started serving his Federal time. In the sentencing proceeding, a copy of the transcript of same is attached to this Order, the Court stated on page 9,

> "it's the judgment of the Court that Claude Christopher Johnson is hereby committed to the custody of the Bureau of Prisons for a term of 120 months as to Cout 2 to be served concurrently with the supervised release revocation, concurrently with the balance. That means you'll serve whatever the balance of that revocation is, you'll serve 10 days -- 10 years – I'm sorry, 120 months from *today.* (emphasis the Court's). It is not running consecutively, but you are not getting credit for the time that you have served previous to today toward the 120 month sentence.
>
> This is with Case No. – consecutive with the balance of the revocation in 2:98-cr-18 and 2:03-cr-29."

Apparently at the time the Court passed the sentence on July 15, 2010 the Petitioner was doing State time. The way that the Bureau of Prisons is required to interpret sentencing orders is to begin the running of Federal time upon the completion of any State time. The Court misspoke when it said "120 months from today". The 120 months is required to begin when Petitioner begins

1

serving his Federal time. The Court did run the three Federal sentences concurrently. It is clear that the Court intended that the sentence in the current case run concurrently with the sentence in case number 2:98-cr-18 and 2:03-cr-29. When a State sentence has been passed, which was the case with Petitioner, the Federal time does not begin to run until he has completed the State sentence. The sentence from this Court is for 120 months from the date he began serving his Federal time.

 For the reasons above stated this Court finds that the Petition filed herein is not well taken and is DENIED.

 SO ORDERED this the ___15th___ day of February, 2017.

           ___s/Keith Starrett_____
           UNITED STATES DISTRICT JUDGE